IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAB KANSAS LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 6:22-cv-01234-KHV-KGG |
| ) | |
| GOBRANDS, INC. ) | |
| ) | |
| Defendant. ) | |

## SHOW CAUSE ORDER

Plaintiff JAB KANSAS LLC brings a breach of contract action against Defendant GoBrands, Inc. arising from a lease agreement between the parties. (Doc. 1). The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and because the amount in controversy exceeds $75,000 exclusive of interest and costs. (*Id*., at 2). In this instance, however, the Complaint fails to allege sufficient facts to allow the Court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. For example, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for a limited liability corporation ("LLC") is

1

determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Here, the Complaint alleges that Defendant GoBrands, Inc. is "a foreign state corporation with principal offices in Pennsylvania." (Doc. 1, at 1). It also alleges that the Plaintiff LLC is a "Kansas limited liability company." (*Id.*). The Complaint does not, however, identify any of its members or their citizenship making it impossible for the Court to determine the citizenship of the Plaintiff LLC. Moreover, the Complaint does not specifically identify the state of incorporation of Defendant. While it does specify that it is a "foreign state corporation," that is insufficient information if Plaintiff LLC also has members of foreign citizenship. Thus, the Court cannot determine the validity of the claimed diversity. The Complaint therefore fails to establish complete diversity of citizenship.

The Court has "an independent obligation to ensure that [it does] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citation omitted). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because the current filings do not allow the Court to discharge these jurisdictional obligations, the Court therefore orders Plaintiff to show cause to the Court why it should not dismiss this action for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause on or before **November 14, 2022**, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated this 31st day of October 2022, at Wichita, Kansas.

/S KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE